UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY M. NASH, ) | CASE NO.1:05 CV 1783 |
| ) | |
| Plaintiff, ) | JUDGE JOHN M. MANOS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY ) | |
| METROPOLITAN HOUSING ) | |
| AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

On July 14, 2005, pro se plaintiff Timothy M. Nash filed this action under 42 U.S.C. §1983 against the Cuyahoga County Metropolitan Housing Authority ("CMHA"), Cuyahoga County Prosecutor William D. Mason, and Cuyahoga County Common Pleas Court Judge Nancy R. McDonnell. In the complaint, plaintiff challenges his arrest and prosecution on drug related charges. He seeks unspecified monetary damages.

Mr. Nash states he was approached by two CMHA officers as he was standing in a recreation area of the housing authority property on Quincy Avenue. The officers asked him to show identification and questioned whether he was a resident of the building. Another individual with whom Mr.

Nash had been conversing admitted he was not a resident, which allegedly prompted the officers to conduct a pat down search of both subjects. Mr. Nash was arrested on charges of possession of cocaine, and possession of drug paraphernalia.

Plaintiff contends his arrest was predicated on his possession of drug paraphernalia, which he states "makes any other actions by county officials an illegal process... ." (Compl. at 2.) He claims "cocaine as described under statutory law was purported to be had by those agents for the state before and after arrest, as well as before and after indictment." (Compl. at 2.) He indicates the bill of particulars mentioned three physical items of evidence while only two were presented at trial. He states this caused emotional trauma, illegal incarceration, economic loss, ill feelings in family and friend relationships, and property loss. Finally, he faults the trial judge for denying his Motion to Dismiss and for permitting a lab technician to testify against him. Mr. Nash asserts violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, plaintiff's claims, as stated, are not cognizable under 42 U.S.C. §1983. A plaintiff may not raise claims in a civil rights action, if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies to claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from the prosecution. Gorenc, No. 02-2456, 2003 WL 21782610 at * 2; Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). Mr. Nash does not indicate whether he was convicted or acquitted of the charges. Because he does not allege the proceedings were terminated in his favor, or that his conviction was otherwise declared invalid by either an Ohio state court or a federal habeas corpus decision, Mr. Nash's claims must be dismissed.

Even if Mr. Nash was acquitted of the charges, his claims could not be brought against these defendants. Judge McDonnell is not subject to suit for damages. It is well established that judges are immune from liability for actions taken within the scope of their official duties. Pierson v. Ray, 387 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. Stump v. Sparkman, 435 U.S. 349 (1978). There are no facts alleged which reasonably suggest that Judge Nancy R. McDonnell acted outside the scope of her official duties

William Mason is also immune from suit. Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). The complaint contains

3

no facts which indicate that Mr. Mason participated in any other kind of activity. Finally, Mr. Nash's claims against the Cuyahoga County Metropolitan Housing Authority lack an arguable basis in law. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers."Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Cuyahoga County Metropolitan Housing Authority which may have resulted in the deprivation of a federally protected right of the plaintiff.

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Issued: September 15, 2005         s/ John M. Manos
                                   UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.